IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larry Hicks, | ) | C/A No.: 1:24-cv-4671-BHH-SVH |
| | ) | |
|           Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| John G. Roberts, | ) | |
| | ) | |
|           Defendant. | ) | |
| | ) | |

Larry Hicks ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against United States Supreme Court Chief Justice John G. Roberts ("Defendant"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge dismiss Plaintiff's complaint without leave for amendment.

I.    Factual and Procedural Background

Plaintiff is a prisoner incarcerated at the Alfred D. Hughes Unit of the Texas Department of Criminal Justice.[1] [ECF No. 1 at 1, 3]. He alleges

---

[1] Plaintiff is prohibited from filing pro se in the Eastern District of Texas. *See Hicks v. Udashen*, No. 6:23-cv-00467, 2023 WL 6962688, at *1 (E.D. Tex. Oct. 20, 2023) ("In addition to the bar of § 1915(g), the plaintiff is subject to a sanction imposed in a previous case, which requires him to obtain representation by counsel for any pleading filed in this court.") (citing Order Imposing Sanctions at 2, *Hicks v. Skeen*, No. 6:18-cv-400 (E.D. Tex. Jan. 14, 2020) ("The Clerk of Court for the Eastern District of Texas shall not accept

Defendant will not permit lawyers or others involved in the investigation[2] to call his sister, Carla Denise Hicks-Davis. *Id.* at 2. He requests this court permit the lawyers and others involved in the investigation to call Carla Denise Hicks-Davis. *Id.*

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A

---

from Plaintiff Larry Coleman Hicks any further lawsuits, documents, pleadings, correspondence, letters, notices, or motions in any suit, including previously and newly filed cases—that do not bear the signature of a licensed attorney admitted to practice before the Bar of the Eastern District of Texas.").
[2] Plaintiff provides no information as to the "investigation" he references.

2

federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Failure to Meet Minimum Pleading Requirements

The complaint fails to meet the pleading requirements in Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure:

A pleading that states a claim for relief must contain:

    (1)    a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

    (2)    a short and plain statement of the claim showing that the pleader is entitled to relief; and

    (3)    a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed R. Civ. P. 8(a).

Plaintiff has not indicated the grounds for the court's jurisdiction or a statement of the claim showing he is entitled to relief. *See generally* ECF No. 1. Therefore, the undersigned recommends the district judge dismiss the case for failure to meet the minimum pleading requirements in Fed. R. Civ. P. 8(a).

### 2. Improper Venue

Even if Plaintiff were to amend his complaint to meet the pleading requirements in Fed. R. Civ. P. 8(a), venue is improper in the District of South Carolina.

Federal district courts are vested with the inherent power to control and protect the administration of court proceedings. *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986). A court has the power to consider sua sponte whether venue is proper. *See Jensen v. Klayman*, 115 F. App'x. 634, 635–36 (4th Cir. 2004) (per curiam). Pursuant to 28 U.S.C. § 1391(b):

> (b) Venue in general.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which

4

any defendant is subject to the court's personal jurisdiction with respect to such action.

In absence of venue, a court has authority sua sponte to dismiss the case. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Defendant does not reside in the District of South Carolina, no part of the events or omissions giving rise to the claim occurred in this district, and this court does not have personal jurisdiction over Defendant. It is not in the interest of justice to transfer this case to another district or division. Therefore, the undersigned recommends the district judge dismiss the case.

3.    Claim Barred by Judicial Immunity

Transfer of the case would be futile because Plaintiff's claim is barred by judicial immunity. It is well established that judges have absolute immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *See Mireless*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather,

5

he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). In *Stump*, the court clarified that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." 435 U.S. at 362.

Plaintiff appears to allege Defendant will not permit his sister to testify in a matter. Determinations as to whether potential witnesses may testify fall within the realm of those normally perform by judges. Thus, Plaintiff is challenging a judicial action for which Defendant is protected by judicial immunity, and the undersigned recommends the case be dismissed based on Defendant's judicial immunity.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge dismiss the case pursuant to 28 U.S.C. § 1915(e)(2), without leave for amendment.

IT IS SO RECOMMENDED.

August 29, 2024                                                  Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).