IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry Hicks, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:24-cv-4671-BHH |
| v. ) | |
| ) | **ORDER** |
| John G. Roberts, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Larry Hicks' ("Plaintiff") pro se complaint against United States Supreme Court Chief Justice John G. Roberts ("Defendant"). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On August 29, 2024, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss this case pursuant to 28 U.S.C. § 1915(e)(2), without leave for amendment. (ECF No. 5.) In her Report, the Magistrate Judge explained that Plaintiff's complaint fails to meet the minimum pleading requirements to state a claim pursuant to Rule 8(a) of the Federal Rules of Civil Procedure; venue is improper in the District of South Carolina because Defendant does not reside in South Carolina and no part of the events or omissions giving rise to this action occurred in South Carolina; and Plaintiff's claim is barred by absolute judicial immunity. (*Id.* at 3-6.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. On September 16, 2024, Plaintiff filed one page of objections stating:

> Here's the deal . . .
> I know you know everything, and I will sue you to death when I get out Ms. Hodges, Your Honor, that is, male or female, or whatever you may be in today's times, and do not play any games with me or I will cut your balls off in court, so to speak.        And I am broke.
> And that is seven [ ], and you even know why.  And, here's why . . .
> You are trying to murder me, and I need my money to pay lawyers, you government official/entity, you!!!!!!!
> And, the objections is . . .
> Nonsense is what you wrote.
> Don't you do it again!
> Done!!!

(ECF No. 8 at 1.)

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

After review, the Court finds Plaintiff's objections wholly without merit.  Nowhere in his objections does Plaintiff point to any factual or legal error in the Magistrate Judge's analysis; nor does he otherwise explain how he could possibly amend his pleading to meet the pleading requirements of Rule 8 or to establish venue in this District.  Lastly, as the Magistrate Judge properly explained, even if Plaintiff could meet the pleading requirements, and even if venue were proper in this District, Plaintiff's claim is barred by absolute judicial immunity.

Based on the foregoing, therefore, the Court adopts the Magistrate Judge's Report

(ECF No. 5); the Court overrules Plaintiff's objections (ECF No. 8); and the Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2), without leave for amendment.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

December 4, 2024
Charleston, South Carolina

3